(No. 4442—)

Nova Casey, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed July 17, 1953.*

John W. Fribley, Attorney for Claimant.

Latham Castle, Attorney General; C. Arthur Nebel, Assistant Attorney General, for Respondent.

Fearer, J.

Claimant, Nova Casey, filed his claim herein on June 1, 1951 for an injury, which occurred on December 5, 1950.

On the day of the accident claimant was fifty-three years of age, married, but had no dependent children under eighteen years of age. At the time of the accident, he was employed by the Department of Conservation as a carpenter at the rate of $1.50 per hour, and was working forty hours per week. The maximum rate of compensation at that time for claimant was $22.50 per week.

Findings of fact have been made, and an award ordered under Section 19b of the Workmen's Compensation Act. Also, an order was entered to pay medical and court reporter's fees.

The award, referred to under Section 19b of the Workmen's Compensation Act, which was entered on the 13th day of November 1951, granted claimant

38 2/7 weeks temporary total compensation at a rate of $22.50 per week, or a total of $861.43. There was also an award made at said time for $22.50 to be paid to Dr. E. P. Staff, and the court reporter's fees were ordered paid to James Moliski, his charges being $54.10.

Jurisdiction was reserved in this cause for the entry of a final order after a final hearing. A final hearing was had, and findings of fact made.

There was an agreement between the parties that claimant, Nova Casey, would submit himself to examination by Dr. Fred C. Reynolds of St. Louis, Missouri. X-Rays were taken by Dr. Wendell G. Scott. A medical report was filed in this cause in the clerk's office on July 10, 1953.

The Court has reviewed the file containing all the evidence taken at previous hearings, as well as at the time of the final hearing. Medical reports and the testimony offered by Doctors at said hearing have also been examined.

After due consideration, it is the opinion of this Court that claimant is not entitled to a further award for temporary total compensation. Awards for medical expenses not heretofore paid are hereby made as follows: Dr. Fred C. Reynolds, $25.00; Dr. Wendell G. Scott for X-Rays, $20.00. The fee of $11.90 for the transcript of testimony at the final hearing, which was taken by Betty J. Beveridge, is also allowed.

It is further the opinion of this Court that an award should be made to claimant for the specific loss of 1/3 of the use of his left foot in the sum of $1,012.50.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees".